Chief Judge KOZINSKI,
concurring:
This ease has consumed an inordinate amount of taxpayer resources, and has no doubt devastated the defendant’s personal and professional life. The defendant’s former employer also paid a price, footing a multimillion dollar bill for the defense. And, in the end, the government couldn’t prove that the defendant engaged in any criminal conduct. This is just one of a string of recent cases in which courts have found that federal prosecutors overreached by trying to stretch criminal law beyond its proper bounds. See Arthur Andersen LLP v. United States, 544 U.S. 696, 705-08, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005); United States v. Reyes, 577 F.3d 1069, 1078 (9th Cir.2009); United States v. Brown, 459 F.3d 509, 523-25 (5th Cir.2006); cf. United States v. Moore, 612 F.3d 698, 703 (D.C.Cir.2010) (Kavanaugh, J., concurring) (breadth of 18 U.S.C. § 1001 creates risk of prosecutorial abuse).
This is not the way criminal law is supposed to work. Civil law often covers conduct that falls in a gray area of arguable legality. But criminal law should clearly separate conduct that is criminal from conduct that is legal. This is not only because of the dire consequences of a conviction — including disenfranchisement, incarceration and even deportation — but also because criminal law represents the community’s sense of the type of behavior that merits the moral condemnation of society. See United States v. Bass, 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (“[Cjriminal punishment usually represents the moral condemnation of the community .... ”); see also Wade v. United States, 426 F.2d 64, 69 (9th Cir.1970) (“[T]he declaration that a person is criminally responsible for his actions is a moral judgment of the community....”). When prosecutors have to stretch the law or the evidence to secure a conviction, as they did here, it can hardly be said that such moral judgment is warranted.
Mr. Goyal had the benefit of exceptionally fine advocacy on appeal, so he is spared the punishment for a crime he didn’t commit. But not everyone is so lucky. The government shouldn’t have brought charges unless it had clear evidence of wrongdoing, and the trial judge should have dismissed the case when the prosecution rested and it was clear the evidence could not support a conviction. Although we now vindicate Mr. Goyal, much damage has been done. One can only hope that he and his family will recover from the ordeal. And, perhaps, that the government will be more cautious in the future.